**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HECTOR ANDRES ALEXANDE
XOL CHE,

Petitioner,

v. Case No. 3:26-cv-1791-WWB-LLL

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus challenging his mandatory detention under 8 U.S.C. § 1225, and seeking, among other relief, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a). (Doc. 1; Doc. 5).[1]

Federal Respondents filed a Response (Doc. 10), with exhibits (Doc. Nos. 10-1 to 10-2), seeking dismissal of the Petition. They acknowledge that pursuant to *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), Petitioner is detained under 8 U.S.C. § 1226(a) and is eligible to request a custody redetermination hearing with the immigration court. (Doc. 10 at 3–4). But because Petitioner has not requested a bond hearing with the immigration court, he has failed to exhaust his administrative remedies and thus this case should be dismissed. (*Id.* at 6). Petitioner filed a Reply (Doc. 11)

---

[1] Upon review of Petitioner's allegations and arguments, the Court construes the Petition as challenging his mandatory detention under 8 U.S.C. § 1225. Insofar as Petitioner seeks to raise other claims, they are insufficiently pleaded. (Doc. 5).

alleging, inter alia, that Respondents fail to refute his claims, his continued detention is unjustified, he is not a danger to the community, and the Court should grant the requested relief.

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Exhaustion, however, is not a jurisdictional requirement. *Id.* at 474–75. In other words, a court need not inquire into exhaustion on its own and a court has the discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. *Id.* at 475. Indeed, exhaustion in the § 2241 context can be excused. *See, e.g.*, *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (in § 2241 appeal, explaining that "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" (internal quotation marks and alteration omitted)).

Here, the Eleventh Circuit decided in *Hernandez Alvarez* almost two months before Petitioner filed this case. Petitioner has not requested a bond hearing with the immigration court. Thus, Petitioner has not yet exhausted his administrative remedies, and he does not demonstrate that requesting a hearing before the immigration court would be futile or otherwise unavailable. Indeed, Federal Respondents admit he is entitled to one. As such, it is premature for the Court to reach the constitutional questions presented in the Petition. *See, e.g.*, *Portillo v. Gualtieri*, No. 8:26-cv-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) (concluding that the petitioner failed to exhaust administrative remedies because she did not seek a bond redetermination before an

immigration judge); *Vasquez Martinez v. Warden*, No. 3:26-cv-1841, 2026 WL 2388997, at *2 (M.D. Fla. Aug. 17, 2026) (same).

This case is also distinguishable from cases in which this Court has found it unnecessary for petitioners to exhaust claims that they were improperly classified as "arriving aliens" under 8 U.S.C. § 1225(b)(2) and denied bond hearings. *See, e.g.*, *Jaimes-Martinez v. Warden, Baker Cnty. Det.*, No. 3:26-cv -138-WWB-LLL, Doc. 23 (M.D. Fla. Sept. 15, 2026). In that case, BIA precedent—binding on immigration judges—foreclosed the possibility of any relief for that petitioner. *Id.* at 2 n.2. Those are not the facts before the Court here. As a result, the Petition is dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.
2. The Warden's Motion to Dismiss (Doc. 9) is **DENIED as moot**.
3. The Clerk shall enter judgment dismissing the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 22, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: Hector Andres Alexande Xol Che, A222539256

Counsel of record